IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREW STACY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. |
| ) | |
| THE UNITED STATES OF AMERICA ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

NOW COMES Plaintiff, ANDREW STACY, by and through his attorneys, Barney & Karamanis, LLP, and complaining of Defendants, THE UNITED STATES OF AMERICA, individually and by and through its agents, servants, and employees, states as follows:

**THE PARTIES**

1. Plaintiff, Andrew Stacy, is a resident of the State of Illinois.

2. Defendant, the United States of America ("USA"), is the proper Defendant pursuant to Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2401(b), 2671, et seq. (hereinafter "United States").

**JURISDICTION AND VENUE**

3. The jurisdiction of this Court is invoked pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§1346(b), 2401(b), 2671, *et seq*, and Plaintiff submitted his FTCA claim on or about April 24, 2018.

4. The United States was to respond by November 6, 2018, and to date it has not provided any response to the original FTCA claim.

## ALLEGATIONS COMMON TO ALL COUNTS

5. During the year of 2016 and at all times relevant herein, LOUIS WILLIAMS II ("Williams"), was the acting Chief Executive Officer and Warden of the Federal Correctional Institution, Oxford, Wisconsin ("FCI-Oxford").

6. At all relevant times herein, Williams was an agent, servant, or employee of Defendant USA.

7. At all relevant times herein, FEDERAL BUREAU OF PRISONS ("FBOP") is a government agency created by Congress, and is owned, operated, and run by the United States of America.

8. At all relevant times herein, Defendant USA employed, contracted with, and otherwise authorized various UNKNOWN AGENTS to operate FCI Oxford.

9. At all relevant times herein, Williams was acting within the course and scope of his authority as an employee and/or agent of Defendant USA and Federal Bureau of Prisons.

10. At all times mentioned herein, Williams was an apparent agent of Defendant USA, and was acting with the scope of his apparent agency.

11. Relief is sought against the Defendant USA, as well as its agents, assistants, successor, employees and persons acting in concert or cooperation.

12. At all times relevant herein, LOUIS WILLIAMS II, and his agents, assistants, and employees acted pursuant to the policies, regulations or decisions officially adopted or promulgated by those in the Federal Bureau of Prisons, whose acts may fairly be said to represent official policy or were pursuant to governmental custom of the United States of America.

13. That at all times relevant hereto, Plaintiff was an inmate housed at Federal Correctional Institution, Oxford ("FCI Oxford"), which is a United States Federal correctional facility within the Federal Bureau of Prisons.

14. Prior to May 19, 2016, Plaintiff was suffering from limited motion and pain in an around his left hip.

15. On or about May 19, 2016, Plaintiff Andrew Stacy ("Stacy") presented to Divine Savior Healthcare for an office visit with James Foskett, M.D. for evaluation of the hip pain.

16. Dr. Foskett is board certified in orthopedic surgery.

17. Dr. Foskett was qualified to evaluate Plaintiff's hip pain.

18. Dr. Foskett ordered radiological testing on Plaintiff's left hip, which was read on May 19, 2016, by Craig Magnes, M.D., J.D.

19. On May 19, 2016, after his review of the radiology images, Dr. Magnes indicated that those images demonstrated that Plaintiff's left hip had prominent osteophytosis and severe degenerative changes.

20. Following Dr. Magnes' interpretation and the physical examination, Dr. Foskett recommended a left total hip arthroplasty to Plaintiff Stacy.

21. Dr. Foskett indicated that the left total hip arthroplasty surgery should be performed within thirty days of that office visit on May 19, 2016.

22. On May 19, 2016, Dr. Foskett submitted a surgical permit for that left hip total arthroplasty for Plaintiff's left hip.

23. Following the office visit to Divine Savior Healthcare, Plaintiff Stacy was returned to FCI, Oxford.

24. Dr. Foskett provided the surgical permit and diagnosis to the agents, servants, or employees of FCI, Oxford and the Federal Bureau of Prisons.

25. Upon returning to FCI, Oxford, Plaintiff Stacy requested that the surgery be performed, and asked for it to be scheduled.

26. Despite Dr. Foskett's order and Plaintiff Stacy's requests, Williams and the other employees of FCI, Oxford refused to allow Plaintiff to get the surgery.

27. On or about November 10, 2016, Plaintiff Stacy was released from incarceration.

28. On or about December 15, 2016, Plaintiff Stacy presented to Northwestern Medicine Regional Medical Group St. Charles, and was seen by Madeline C. Kwiatkowski, D.O.

29. Dr. Kwaitkowski immediately scheduled the left hip total arthroplasty for Plaintiff.

30. As a result of the delay in treatment during incarceration, Plaintiff Stacy suffered continued pain and degeneration within Plaintiff's body.

## COUNT I

**Negligence Pursuant to the FTCA Against THE UNITED STATES OF AMERICA**

1-30. Plaintiff repeats and realleges Paragraphs 1 through 30 of this Complaint as and for Paragraphs 1 through 30 of this Count I as if fully set forth herein.

31. Plaintiff continually informed Defendant USA, through its agents, servants, or employees, of his complaints regarding his injury and surgery he needed.

32. That on numerous occasions from the date of evaluation, Defendant USA, by and through its agents FBOP, Louis Williams II, and any unknown agents, refused to provide Plaintiff with the necessary surgery and treatment for his injury.

33. That between May 19, 2016, and November 10, 2016, the condition of Plaintiff's left hip continued to deteriorate.

34. That Defendant USA, individually and by and through its agents, was then and there guilty of the following acts or omissions:

    a. Deliberately ignored the seriousness of Plaintiff's injury and refused to allow him to have corrective surgery on his left hip;

    b. Carelessly and negligently failed to provide Plaintiff with necessary care and treatment, and was indifferent to the severity of Plaintiff's injuries;

    c. Carelessly and negligently placed Plaintiff on a medical hold and refused to seek further treatment for Plaintiff's injuries;

    d. Carelessly and negligently failed to timely provide Plaintiff with necessary surgery for the injury;

    e. Was otherwise careless and negligent.

35. As a direct and proximate result of the foregoing acts or omissions on the part of Defendant, UNITED STATES OF AMERICA, individually and by and through its agents, Plaintiff, ANDREW STACY, was severely and permanently injured, sustained great mental and physical pain and suffering, sustained damage to his nervous system and other systems of the body, was kept from attending to his ordinary affairs and duties and lost great gains which he would otherwise have made and acquired as well as incurring other damages.

WHEREFORE, Plaintiff, ANDREW STACY, prays that this Court find and hold that his Constitutional rights have been violated by Defendant, and enter judgment in his favor and against Defendant UNITED STATES OF AMERICA, individually and by and through its agents, in an amount in excess of One Hundred Fifty Thousand and No/100 ($150,000.00) Dollars, plus punitive damages, costs and attorneys fees, and for whatever further and additional relief for Plaintiff this Court deems just and fair.

Respectfully submitted,

**ANDREW STACY**

By: /s/ James A. Karamanis
James A. Karamanis

James A. Karamanis (ARDC #6203479)
Kenneth A. Nazarian (ARDC #6309765)
Barney & Karamanis, LLP
Two Prudential Plaza
180 N. Stetson, Suite 3050
Chicago, Illinois 60601
Tel.: 312/553-5300
Attorney No. 48525